NOLLEY v. NOLLEY.

Opinion delivered February 28, 1916.

1. CONFLICT OF LAWS—DIVORCE—DOMICILE OF HUSBAND.—The presumption that a married man's domicile is with his wife and family is not conclusive, and may be overcome by evidence showing the facts to be otherwise.

2. DIVORCE—CONDUCT AFTER ACTION BROUGHT.—Evidence of the conduct of the defendant, after the bringing of an action for divorce, is competent in corroboration of testimony relating to defendant's conduct, which occurred prior to the commencement of the action.

3. DIVORCE—GROUNDS—SUFFICIENCY.—In an action for divorce, the evidence held sufficient to warrant the granting the decree upon the ground that defendant's conduct rendered the plaintiff's condition intolerable.

Appeal from Jefferson Chancery Court; *John M. Elliott*, Chancellor; affirmed.

*S. A. Miller,* for appellant.

The burden of proving his legal residence in Arkansas was on the appellee, and this burden he has failed to discharge. Having built for himself and wife a home at Paris, Ill., refusing to sell it because he wanted it for his home, his domicil was there. "The presumption is that a married man's domicil is with his wife and family." 10 Am. & Eng. Enc. of L. 23; 111 Mass. 382; 25 Kan. 103; 29 Ark. 280; 54 Ark. 172.

*M. Danaher* and *Palmer Danaher,* for appellee.

Appellant herself testifies that she lived with appellee in Hot Springs, Arkansas, nine or ten years, and, with no evidence to the contrary the presumption is that Arkansas continues to be his residence. 4 Ark. 456; 48 Ark. 551.

The presumption that a married man's domicil is with his wife and family "is one of fact, and not of law, and may be overcome by evidence showing the fact to be otherwise." 10 Am. & Eng. Enc. of L (2d ed.) 24; *id.* 33, note 1; 44 Ia. 191; 20 La. Ann. 312.

McCULLOCH, C. J. The plaintiff, S. B. Nolley, and the defendant, Emma C. Nolley, intermarried at Arkadelphia, Arkansas, in the year 1894, and on October 15, 1912, the plaintiff instituted the present action, in the chancery court of Jefferson County, Arkansas, against his wife for a divorce, and alleged in the complaint that he was a resident of that county and had been a resident of the State of Arkansas for more than one year. The complaint sets up the statutory grounds for divorce that defendant had offered such indignities to the person of the plaintiff as to make his condition intolerable. An affidavit was filed showing that the defendant was a non-resident of the State, and warning order was issued and duly published and an attorney was appointed by the court to make defense for the defendant. The case was heard by the court and a decree for divorce was rendered in November, 1912.

The defendant then resided at Paris, Illinois, and on April 11, 1914, she filed in the chancery court of Jeffer-

son County a complaint in the nature of a bill of review to set aside the decree for divorce, alleging that the decree had been obtained upon insufficient testimony, and that the plaintiff had perpetrated a fraud upon the court by failing to inform the court as to the place of residence of defendant so that she could be notified and have an opportunity to make defense. It was alleged in this complaint that the plaintiff in the original complaint, was not a resident of the State of Arkansas, but, on the contrary, resided in the State of Illinois, and that no grounds for divorce existed as set forth in the original complaint. An answer was filed by the plaintiff, and thereafter the defendant took proof tending to show that the plaintiff resided at Paris, Illinois, with the defendant up to a month or two before he commenced this suit in Jefferson County, Arkansas, and that the defendant had not been guilty of any misconduct which would justify the decree for divorce. The court thereupon rendered a decree setting aside the former decree and made an order giving the defendant time within which to file an answer to the original complaint. Both parties then took further testimony and the cause was finally heard as if there had been no former decree in the case, and upon the whole testimony the court found in favor of the plaintiff and rendered a decree granting a divorce. Defendant has prosecuted an appeal from that decree.

It is contended here that the decree is erroneous on account of insufficiency of the proof in two particulars, namely, that it does not show that the plaintiff was a resident of the State one year before the commencement of the action, or that the defendant was guilty of any misconduct which constituted grounds for divorce. The proof adduced by the plaintiff tends to show that he and defendant intermarried at Arkadelphia, in 1894 and that he has continuously resided in Arkansas since that time. It shows that the plaintiff lived at Hot Springs nearly all the time after the marriage, but that he frequently spent his summers in the North. He was engaged in the hotel business at Hot Springs, and during the summer

months he was engaged as purser on a steamer on the Northern Lakes. The evidence tends to show that plaintiff and defendant separated, on account of her misconduct, several years before the divorce was granted, and that her conduct was such as justified a divorce on the grounds named in the complaint.

There is, however, a conflict in the testimony, and that adduced by the defendant tends to support her contention that she was without fault and that the plaintiff did not in fact reside in Arkansas. The defendant herself testified that she and plaintiff purchased a lot at Paris, Illinois, and built a home thereon about five years before the divorce was granted, and that it constituted their home all the time until the plaintiff deserted her. She introduced other testimony which tended to support her in that contention, particularly the testimony of a gentleman engaged in the lumber business at Paris who testified to a conversation which occured at his office between the plaintiff and defendant on September 23, 1911, which warranted the conclusion that the plaintiff was then living at Paris and considered it his home. That testimony was contradicted by that of a hotel clerk in Milwaukee, who showed that the plaintiff was not in Paris on that date or for several days before or after that date.

(1) Counsel for defendant relies mainly upon the presumption "that a married man's domicile is with his wife and family." 10 Am. & Eng. Enc. of L. (2d ed.) 23; *Keith* v. *Stetter*, 25 Kan. 103. But that presumption, if the testimony is sufficient to raise it, may be overcome by evidence showing the facts to be otherwise. In other words, it constitutes a rebuttal presumption and not a conclusive one. Even if it be true that plaintiff was a resident of Paris, Illinois, up to September 23, 1911, as shown by the witness referred to above, yet it is possible for him to have come to Arkansas and established his residence one year before the institution of this action. But we are of the opinion that, taking the testimony as a whole, it cannot be said that it prepon-

derates against the finding of the chancellor that the plaintiff always lived in Arkansas and that he did not take up a residence at all with his wife at Paris, Illinois. His contention is that they had separated before that time, and that he was only with her occasionally, and that during all this time he maintained his residence in Arkansas.

(2-3) The proof taken by both parties, after the original decree was set aside, covered the conduct of each after the commencement of the action and down to the present time. Some of the strongest testimony concerning the misconduct of the defendant relates to that which occurred after the suit was commenced and even after the decree for divorce was granted, but it is competent in corroboration of the testimony relating to misconduct which is said to have occurred prior to the commencement of this action. Even if that testimony be discarded altogether, there is enough to make a preponderance of the evidence in favor of the chancellor's finding. The testimony shows that during the year 1912, and prior to the commencement of the suit, the defendant was guilty of repeated misconduct which justified the chancellor in reaching the conclusion that it was sufficient to render plaintiff's condition intolerable and to justify the divorce. She made unfounded charges against him concerning his relations with other women, and followed him to Hot Springs and had him arrested on a groundless charge. After the first decree of divorce was rendered, she came to Hot Springs and was guilty of the grossest kind of misconduct in keeping with her former treatment of plaintiff. She followed him up and abused him and abused his attorney, and followed them along the street throwing rocks at them. She had the plaintiff arrested in Chicago in the summer of 1912 on a charge of desertion and caused him to be taken into custody by an officer and carried back to Paris. She informed the officer who was to make the arrest that plaintiff was a dangerous man and warned him he must take every precaution after making the arrest, even advising the officer to shoot the plaintiff in the

arm or leg so as to prevent him from making his escape. Pursuant to that information and advice, the officer handcuffed the plaintiff and kept him handcuffed on the journey from Chicago to Paris, where he put the plaintiff in jail. Letters written by the defendant to the plaintiff accused him of misconduct with other women, and there is no testimony whatever in the record to show that there were any grounds for those charges.

Upon the whole we are of the opinion that the chancellor's finding is not against the preponderance of the testimony. The chancellor gave the defendant the utmost opportunities for having the cause completely heard, after the original decree had been set aside, and there is nothing presented here for our determination except the question of fact. And, as before stated, we are of the opinion that the chancellor reached the correct conclusion.

Decree affirmed.